IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KOREASE COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-103 |
| | ) | |
| CSRA ECONOMIC OPPORTUNITY | ) | |
| AUTHORITY, INC., | ) | |
| | ) | |
| Defendant.[1] | ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, her complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Plaintiff has complied with the Court's prior order to file an amended complaint. (See doc. no. 7.)

**I.      Screening the Amended Complaint**

Plaintiff names her former employer, CSRA Economic Opportunity Authority, Inc., as the sole Defendant. (Doc. no. 10, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

---

[1] As Plaintiff has clarified the name of Defendant in the amended complaint rather than naming a new Defendant from the entity named in the original complaint, the Court **DIRECTS** the **CLERK** to terminate "CSRA Economic Opportunity, Inc." as a Defendant. (See doc. no. 10, p. 1; see also doc. no. 12.) The case shall proceed with "CSRA Economic Opportunity Authority, Inc." as the sole Defendant.

In May 2021, Plaintiff was satisfactorily performing her duties as a teacher assistant and had received a Burke County Teacher Assistant of the Year award from the then-director of her Head Start Center. (Id. at 2.) However, beginning in October 2021, Plaintiff was tasked with performing lead teacher duties without receiving an appropriate title or increased compensation. (Id. at 3-4.) At the start of 2022 school year, Plaintiff determined she would no longer be performing the extra, uncompensated work, and as a result, the center director became unhappy with Plaintiff's work. (Doc. no. 5.) During the 2022 – 2023 school year, Plaintiff received unwarranted discipline for taking scheduled time off and complaining about disparate treatment of employees; moreover, Plaintiff was disciplined based on false accusations of poor work performance while other employees who engaged in the same activities as Plaintiff, or who actually engaged in the improper activity of which Plaintiff was accused but who had "local ties," were not disciplined.[2] (Id. at 5-10.) In March 2023, Plaintiff contacted the EEOC and stated her intention to start the process of initiating a charge against her employer. (Id. at 12.) Following a series of these unwarranted suspensions and "disciplinary report write up[s]," Plaintiff was informed in June 2023 that the director of her Head Start Center intended to recommend Plaintiff be fired for unsatisfactory job performance. (Id. at 12-14.) Upon hearing this information, Plaintiff submitted her "grievance letter" to the Director of Human Resources in an attempt to stop the termination process. (Id. at 14.)

---

[2]Plaintiff, born in Trinidad and Tobago, alleges her unfair treatment "was the result of discrimination based on her national origin and non-local, Caribbean background. Plaintiff observed that employees who were relatives of the Center Director or had local ties were not subjected to suspension or similar discipline when reporting workplace concerns or engaging in comparable conduct." (Doc. no. 10, p. 10; see also id. at 2, 36.)

2

Despite contacting Human Resources, Plaintiff was terminated in July 2023,[3] and she was "coerced" into ending her grievance process in order to receive payment for her accumulated leave time and "anything else that was owed to her." (Id.)  Although Plaintiff mentions the Americans with Disabilities Act (ADA) at one point in her Claims for Relief, (id. at 15, ¶ 41), this appears to be a typographical error, and she does not otherwise describe a disability, discuss the ADA, raise the ADA as a basis for alleged discrimination in her EEOC paperwork, or list the ADA as a basis for federal jurisdiction, (id. at 27-30, 34).  Rather, Plaintiff alleges discrimination based on her national origin in the terms of her employment, resulting in retaliatory actions that ultimately resulted in her termination.  (Id. at 34-35.)  Plaintiff seeks monetary damages and requests that her case be decided by a judge, not a jury.[4]  (Id. at 15-16.)

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable claim for national origin discrimination under Title VII of the Civil Rights Act of 1964, as well as a claim for retaliation.  See Lewis v. City of Union City, Ga., 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*); Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1268 (11th Cir. 2010); Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1322-23 (11th Cir. 2006) (*per curiam*); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997).

---

[3] Plaintiff's Charge of Discrimination attached to the amended complaint states she was terminated from her job on July 17, 2023, based on "discrimination of national origin." (Id. at 28.)

[4] As Plaintiff's amended complaint makes clear Plaintiff does not seek a jury trial, the Court **DIRECTS** the **CLERK** to remove the jury trial flag from the docket and terminate the motions requesting withdrawal of the original jury request. (Doc. nos. 4, 6.)

## II. Instructions

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant CSRA Economic Opportunity Authority, Inc. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 10), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). Service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon its defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant(s) or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff

shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[5]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the answer of the defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a

---

[5]The Local Rules and commonly used Forms may be found on the Court website at www.gasd.uscourts.gov/.

motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the amended complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the

defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 17th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA